IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. BATIE,<br><br>        Petitioner,<br><br>vs.<br><br>ANTHONY KANE, Warden,<br><br>        Respondent.<br>_____ | No. C 07-2402 MMC (PR)<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket Nos. 2, 6, 7)** |

On May 3, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has applied for leave to proceed in forma pauperis.

**BACKGROUND**

In 1981, petitioner was convicted, in San Diego County Superior Court, of second degree murder with the personal use of a firearm, and sentenced to a term of 17 years to life in state prison. In 2004, the California Board of Prison Hearings ("BPH") found petitioner suitable for parole, a decision that was reversed by Governor Arnold Schwarzenegger in 2005. Petitioner challenged the Governor's decision by habeas petitions filed in the San Diego County Superior Court, the California Court of Appeal, and the Supreme Court of California. All three habeas petitions were denied.

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Petitioner claims his right to due process was violated because the denial of parole was not based on sufficient evidence. Liberally construed, petitioner's claim is cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.  The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2.  Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

3.  In lieu of an answer, respondent may file, within 90 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or

1  statement of non-opposition within 30 days of the date the motion is filed, and respondent
2  shall file with the Court and serve on petitioner a reply within 15 days of the date any
3  opposition is filed.

4      4.  Petitioner is reminded that all communications with the Court must be served
5  on respondent by mailing a true copy of the document to respondent's counsel.

6      5.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
7  Court and respondent informed of any change of address and must comply with the Court's
8  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
9  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10     6.  Upon a showing of good cause, requests for a reasonable extension of time will
11 be granted as long as they are filed on or before the deadline which they seek to extend.

12     7.  In light of petitioner's lack of funds, petitioner's application to proceed in
13 forma pauperis is hereby GRANTED

14 This order terminates Docket Nos. 2, 6, and 7.

15 IT IS SO ORDERED.

16 DATED: June 13, 2007

17 _____
MAXINE M. CHESNEY
United States District Judge