1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STACEY D. SCHESSER, State Bar No. 245735
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5774
     Fax:  (415) 703-5843
8    Email:  Stacey.Schesser@doj.ca.gov

9  Attorneys for Respondent Governor Schwarzenegger

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| JOHN L. BATIE,<br><br>                    Petitioner,<br><br>v.<br><br>ANTHONY KANE, WARDEN,<br><br>                    Respondent. | C07-2402 MMC<br><br>NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Judge:   The Honorable Maxine M. Chesney |
|---|---|

TO PETITIONER JOHN L. BATIE:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, Respondent moves the Court for an order dismissing the above-entitled action on the ground that Petitioner's claim is barred by the applicable one-year statute of limitations. No hearing is requested because Petitioner is an inmate acting in pro per.

This motion is based on the notice and motion; the supporting memorandum of points and authorities; and the pleadings, records, and files in this action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Petitioner John Batie is a California state prisoner proceeding pro per in this matter. Batie is lawfully in the custody of the California Department of Corrections and Rehabilitation following his conviction for second-degree murder with the personal use of a firearm. (Ex. 1.)

As indicated in the Court's Order to Show Cause, Batie challenges the Governor's May 2, 2005 decision to reverse the finding by the Board of Parole Hearings ("BPH") that Batie was suitable for parole.[1] (Pet.; Order to Show Cause, filed June 13, 2007.) Batie's claims, however, are barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and therefore, should be dismissed.

## ARGUMENT

### PETITIONER'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

AEDPA applies to all federal petitions for writs of habeas corpus filed on or after its April 24, 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Accordingly, AEDPA applies to this petition filed on May 3, 2007.

AEDPA provides a one-year statute of limitations in which to file a federal habeas petition, which begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute of limitations begins to run the day following the date the claim could have been discovered. *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003.)

In the current matter, Governor Arnold Schwarzenegger wrote a letter dated May 2, 2005 reversing the decision by BPH to find Batie suitable for parole. (Ex. 2.) This letter was provided to Batie by facsimile on May 19, 2005 and the signed original was sent by mail. (*Id.*) Giving Batie the benefit of the later date on which the letter was faxed, May 19, 2005 serves as the factual predicate. 28 U.S.C. § 2244(d)(1)(D). Accordingly, the statute of limitations began to

---

1. The Board of Prison Terms has been renamed the Board of Parole Hearings.

1 run the next day on May 20, 2005. *Redd*, 343 F.3d at 1084.

2     Batie filed his superior court petition challenging the Governor's decision nearly one year later on May 17, 2006. (Ex. 3.[2/]) Therefore, Batie unquestionably allowed 362 days to lapse against his one-year limitations period.

    Upon receiving the superior court's denial on July 14, 2006, Batie pursued his case in the state courts without significant time lapses, and on March 21, 2007, the California Supreme Court issued its denial of Batie's petition for review. (Ex. 4.) Under AEDPA, the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Generally, this means that the one-year statute of limitations is tolled from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2006). Therefore, while Batie's case was pending in state court, the statute of limitations was tolled.

    A prisoner's federal petition based on that claim becomes ripe for filing once the state courts have completed a full round of collateral review. *Redd*, 343 F.3d at 1083. Thus, the clock on Batie's statute of limitations began to run again the day after the California Supreme Court issued its decision on March 21, 2007. Using March 22, 2007 as the date to re-start the clock, Batie allowed forty-two days to lapse before filing the instant Petition in this Court on May 3, 2007. Adding this number to the initial 362 days Batie waited to file his superior court petition yields a total of 404 days, which exceeds the one-year time limit. Accordingly, Batie's Petition is barred by the statute of limitations as untimely.

**A.   Petitioner Is Not Entitled to Equitable Tolling.**

    In very rare cases, the one-year statute of limitations for filing a federal habeas petition may be equitably tolled if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

---

2. Respondent did not include any of the exhibits attached to Petitioner's state court petition because they would be voluminous. Should the Court request the exhibits, Respondent will of course provide them.

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.    *Batie v. Kane*
C07-2402 MMC

1  Equitable tolling "is justified in few cases," and "the threshold necessary to trigger equitable
2  tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn*, 345 F.3d at
3  799 (citing *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (internal quotation marks
4  omitted). The burden is on the petitioner to prove that "extraordinary circumstances were the
5  cause of his untimeliness." *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003). A pro
6  se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance
7  warranting equitable tolling; nor is an attorney's general negligence. *Raspberry v. Garcia*, 448
8  F.3d 1150, 1154 (9th Cir. 2006); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Here,
9  Batie has not alleged or otherwise established any circumstances as the cause of his
10  untimeliness. Accordingly, he is not entitled to equitable tolling, and the Petition must be
11  dismissed as untimely.
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.               *Batie v. Kane*
                                                                                    C07-2402 MMC

## CONCLUSION

Under AEDPA standards, a federal habeas petition must be filed within one year. Petitioner failed to meet this statute of limitations. Furthermore, he is not entitled to statutory or equitable tolling as to his unreasonable and unjustified filing delays. Accordingly, Respondent respectfully requests that the Petition be dismissed.

Dated: July 30, 2007

                Respectfully submitted,

                EDMUND G. BROWN JR.
                Attorney General of the State of California

                DANE R. GILLETTE
                Chief Assistant Attorney General

                JULIE L. GARLAND
                Senior Assistant Attorney General

                ANYA M. BINSACCA
                Supervising Deputy Attorney General

                */s/ Stacey D. Schesser*

                STACEY D. SCHESSER
                Deputy Attorney General
                Attorneys for Respondent

20097422.wpd
SF2007200469

Resp't's Not. of Mot. and Mot. to Dismiss; Supporting Mem. of P. & A.

*Batie v. Kane*
C07-2402 MMC

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Batie v. Kane**

No.:   **C07-2402 MMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>July 30, 2007</u>, I served the attached

### NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**John L. Batie**
**C-34674**
**Correctional Training Facility**
**P.O. Box 686**
**Soledad, CA  93960-0686**
*in pro per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 30, 2007, at San Francisco, California.

| L. Santos | L. Santos |
|---|---|
| Declarant | Signature |

20098327.wpd