1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | ANYA M. BINSACCA
Supervising Deputy Attorney General
5 | STACEY D. SCHESSER, State Bar No. 245735
Deputy Attorney General
6 |   455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
7 |   Telephone: (415) 703-5774
  Fax:  (415) 703-5843
8 |   Email:  Stacey.Schesser@doj.ca.gov

9 | Attorneys for Respondent Governor Schwarzenegger

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14

15 | **JOHN L. BATIE,**                                      C07-2402 MMC

16 |                                        Petitioner,     **REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS**

17 |                   v.

18 | **ANTHONY KANE, WARDEN,**

19 |                                        Respondent.     Judge:  The Honorable Maxine M. Chesney

20

21 | **PETITIONER'S CALCULATION OF THE STATUTORY PERIOD IS GOVERNED BY 28 U.S.C. 2244(d)(1)(D) AND THEREFORE, HIS PETITION IS UNTIMELY AND SHOULD BE DISMISSED.**

22

23 |     Petitioner submitted an Opposition to Respondent's Motion to Dismiss stating that

24 | subparagraph (A) should be applied in calculating his one-year statute of limitations.

25 | Respondent contends that pursuant to *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003),

26 | subparagraph (D) controls and that based on the calculations submitted in Respondent's Motion

27 | to Dismiss, Petitioner failed to file his federal habeas claim in a timely matter.  Accordingly,

28 | Respondent respectfully requests that his Petition be dismissed as untimely under 28 U.S.C. 2244

Respondent's Reply to Petitioner's Opposition to Motion to Dismiss

*Batie v. Kane*
C07-2402 MMC

1  (d)(1)(D).

2       In *Redd v. McGrath*, the Ninth Circuit determined that subparagraph (D) applies when

3  determining the date on which the one-year statutory period begins to run for federal habeas

4  claims challenging parole determinations. *Redd*, 343 F.3d at 1080. The Court held that under

5  this subparagraph, the limitations period begins to run when the "factual predicate" of an

6  inmate's habeas claim, "could have been discovered through the exercise of due diligence." *Id.*

7  (quoting 28 U.S.C. § 2244(d)(1)(D).) Although Petitioner advances that subparagraph (A)

8  should apply, the Court rejected this argument, noting that subparagraph (A) uses the word

9  "judgement," which refers to the judgment of the prisoner's criminal conviction and does not

10  apply to administrative decisions. *Id.* at 1081. On the other hand, subparagraph (D) is proper

11  because it determines that the factual predicate of habeas claims challenging parole

12  determinations is the date on which the inmate could have learned of the administrative decision

13  he was challenging. *Id.* at 1084. Therefore, subparagraph (D) is the proper section to apply to

14  petitions containing parole denials.

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Respondent's Reply to Petitioner's Opposition to Motion to Dismiss

*Batie v. Kane*
C07-2402 MMC

1    In the case at bar, the date on which Petitioner could have learned of the denial of parole by

2    the Governor is the date on which the letter was faxed to him: May 19, 2005. This date serves as

3    the factual predicate for calculating the statute of limitations, with the period commencing the

4    next day on May 20, 2005. *Redd*, 343 F.3d at 1084. Accordingly, the starting date for

5    determining whether Petitioner filed in a timely matter is May 20, 2005 and the statute of

6    limitations was correctly calculated in Respondent's Motion to Dismiss. For the reasons stated

7    herein and in Respondent's motion to dismiss filed July 30, 2007, this Court should grant the

8    motion.

9

10

11    Dated:  September 4, 2007

12                         Respectfully submitted,

13                         EDMUND G. BROWN JR.
                           Attorney General of the State of California

14                         DANE R. GILLETTE
15                         Chief Assistant Attorney General

16                         JULIE L. GARLAND
                           Senior Assistant Attorney General

17                         ANYA M. BINSACCA
                           Supervising Deputy Attorney General

18

19                         *Stacey D. Sh*

20

21                         STACEY D. SCHESSER
                           Deputy Attorney General
22                         Attorneys for Respondent

23
20102761.wpd
24    SF2007200469

25

26

27

28

Respondent's Reply to Petitioner's Opposition to Motion to Dismiss                    *Batie v. Kane*
                                                                                      C07-2402 MMC

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Batie v. Kane**

No.:   **C07-2402 MMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>September 4, 2007,</u> I served the attached

### REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**John L. Batie**
**C-34674**
**Correctional Training Facility**
**P.O. Box 686**
**Soledad, CA  93960-0686**
*in pro per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 4, 2007, at San Francisco, California.

| | |
|---|---|
| L. Santos | *J. Santos* |
| Declarant | Signature |

20103139.wpd