IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. BATIE, ) | No. C 07-2402 MMC (PR) |
| Petitioner, ) | **ORDER GRANTING MOTION TO DISMISS** |
| v. ) | |
| ANTHONY KANE, Warden, ) | **(Docket No. 10)** |
| Respondent. ) | |
| _____ ) | |

On May 3, 2007, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 13, 2007, after reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted, or in the alternative, a motion to dismiss on procedural grounds. Respondent chose the latter course, and has filed a motion to dismiss the petition on the ground that the petition is barred by the applicable one-year statute of limitations. See 28 U.S.C. § 2244(d). Petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

In 1981, petitioner was convicted, in San Diego County Superior Court, of second degree murder with the personal use of a firearm. He was sentenced to a term of seventeen years to life in state prison. On December 21, 2004, the California Board of Prison Hearings ("BPH") found petitioner suitable for parole. On May 2, 2005, Governor Arnold

Schwarzenegger reversed the BPH's finding and denied petitioner parole.

On May 17, 2006, petitioner filed in San Diego County Superior Court a state habeas corpus petition challenging the Governor's decision. The San Diego Superior Court denied the petition on July 14, 2006. Petitioner next filed a state habeas corpus petition in the California Court of Appeal.[1] The California Court of Appeal denied the petition on January 4, 2007. Petitioner then filed a state habeas corpus petition in the California Supreme Court.[2] The California Supreme Court denied the petition on March 21, 2007.

In the instant petition, petitioner claims the Governor's decision denying parole violated petitioner's right to due process, because the decision was not based on sufficient evidence.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period applies to all habeas petitions filed by persons in

---

[1] Neither petitioner nor respondent provides the date on which the petition was filed in the Court of Appeal.

[2] Neither petitioner nor respondent provides the date on which the petition was filed in the California Supreme Court.

2

1 custody pursuant to the judgment of a state court, even if the petition challenges a pertinent
2 administrative decision rather than a state court judgment. See Shelby v. Bartlett, 391 F.3d
3 1061, 1063 (9th Cir. 2004).

4 Respondent moves to dismiss the instant petition on the ground that it was filed in
5 excess of the one-year limitations period. The Court must determine as a threshold matter
6 which sub-paragraph of 28 U.S.C. § 2241(d)(1) applies to the petition. Respondent argues
7 that sub-paragraph D applies, and that the one-year limitations period began to run on the
8 date of the Governor's decision denying parole. Petitioner argues that sub-paragraph A
9 applies, and that the one-year limitations period began to run on the date of the California
10 Supreme Court's decision denying petitioner's final state habeas corpus petition.

11 The Ninth Circuit has made clear that where a petitioner challenges an administrative
12 decision denying parole, sub-paragraph D of 28 U.S.C. § 2244(d)(1) applies. See Redd v.
13 McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003). The one-year limitations period begins to
14 run one day after the date the petitioner could have discovered the "factual predicate" of his
15 federal habeas corpus claim. See id. at 1082.[3] "[T]he date of the 'factual predicate' . . . . is
16 determined independently of the exhaustion requirement by inquiring when [the petitioner]
17 could have learned of the factual basis for his claim through the exercise of due diligence."
18 See id. (holding parole board's decision affirming denial of parole was factual predicate of
19 petitioner's claim that denial of parole violated due process).

20 Respondent argues that the instant petition is barred under § 2244(d)(1)(D). The Court
21 agrees. On May 19, 2005, petitioner received a facsimile of the Governor's decision denying
22 parole. (Motion to Dismiss ("MTD") Ex. 2.) Under Redd, the date of such receipt is the date
23 on which petitioner could have learned of the factual basis for his claim that the Governor's
24 decision violated due process. Thus, the one-year limitations period began to run the next

---

26 [3] The one-year period is calculated in accordance with Rule 6(a) of the Federal Rules
27 of Civil Procedure, the general rule for counting time in federal courts. See Patterson v.
Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Under Rule 6(a), "the day of the act, event, or
28 default from which the designated period of time begins to run shall not be included" in
calculating the designated period of time. Fed. R. Civ. P. 6(a).

3

day, i.e., on May 20, 2005. See Fed. R. Civ. P. 6(a). The limitations period ran for 362 days, until May 17, 2006, when petitioner filed his first state habeas corpus petition in the superior court. (MTD Ex. 3.) On that date, tolling of the limitations period began, and such tolling continued until March 21, 2007, the date on which the California Supreme Court denied petitioner's final state habeas corpus petition.[4] (MTD Ex. 4.) The following day, March 22, 2007, the limitations period began to run again. On May 3, 2007, forty-two days later, petitioner filed the instant petition. Adding 362 days, the period that elapsed before petitioner filed his first state habeas corpus petition, to forty-two days, the period that elapsed after the denial of petitioner's final state habeas corpus petition, a total of 404 days passed from the time the limitations period began until petitioner filed the instant petition. Consequently, petitioner did not file his petition within the one-year limitations period. Petitioner has not alleged any circumstances that would entitle him to equitable tolling of the limitations period.

In his opposition to the motion to dismiss, petitioner argues only that § 2244(d)(1)(A) provides the applicable limitations period. He does not dispute that the petition is untimely if § 2244(d)(1)(D) provides the applicable limitations period, nor does he assert that he is entitled to equitable tolling.

As discussed above, § 2244(d)(1)(D) provides the applicable limitations period in this matter. Applying that section to the instant petition, the Court finds the petition is untimely. The Court further finds petitioner has not established he is entitled to equitable tolling. Accordingly, the motion to dismiss will be granted.

//

---

[4] Respondent acknowledges that under Carey v. Saffold, 536 U.S. 214 (2002), the limitations period was tolled continuously during the time petitioner's state habeas petitions were pending. (MTD at 3.) Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed state habeas petition is pending is excluded from the one-year limitations period. Carey held that in California, the limitations period is tolled from the time a petitioner files his first state habeas petition until his final state habeas petition is denied by the California Supreme Court, as long as the petitioner did not "unreasonably delay" in seeking review. See Carey, 536 U.S. at 219-20, 221-23. Respondent does not contend petitioner unreasonably delayed seeking state habeas review.

4

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss the petition as untimely is hereby GRANTED and the petition for a writ of habeas corpus is hereby DISMISSED.

This order terminates Docket No. 10.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 13, 2007

_____
MAXINE M. CHESNEY
United States District Judge